IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| v. | * | |
| **ERIC MAURICE HOLBROOK, JR.,** | * | Criminal No. SAG-21-0223 |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Eric Maurice Holbrook, Jr., who is presently in Bureau of Prisons' ("BOP") custody serving a sentence of 72 months' imprisonment, filed a *pro se* Motion for Compassionate Release in July, 2024. ECF 175. The government filed an opposition, ECF 185, 186. Mr. Holbrook has not filed a reply. At this Court's request, the government filed, under seal, updated medical records for Mr. Holbrook.[1] ECF 191. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Mr. Holbrook's Motion will be DENIED.

**I.    Factual Background**

On June 27, 2022, Mr. Holbrook pled guilty to possession with intent to distribute narcotics and received an agreed sentence of 72 months' incarceration, to run consecutively to a violation of supervised release sentence that he had received for another federal criminal conviction. ECF 136, 139, 140. Mr. Holbrook now asks this Court to reduce that sentence.

---

[1] The government's motion to seal Mr. Holbrook's medical records, ECF 190, will be granted.

1

**II.     Analysis**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023). But as part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by BOP, the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.[2] *Id.* Once a motion is for compassionate release is properly filed, the Court engages in a two-step process: determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The Fourth Circuit has held that "when deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020). The relevant policy statement is U.S.S.G. § 1B1.13, entitled "Reduction

---

[2] The government does not contest that this administrative prerequisite has been satisfied. ECF 185 at 4.

2

in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" (the "Policy Statement"). The Sentencing Commission recently amended that Policy Statement, with the amendments taking effect on November 1, 2023.

Before the November, 2023 amendments, the Policy Statement began with the phrase: "Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for certain enumerated reasons. U.S.S.G. § 1B1.13 (2021). In *United States v. McCoy*, 981 F.3d 271 (2020), the Fourth Circuit determined that the language in the Policy Statement did not encompass motions filed by defendants themselves, meaning that in connection with such motions district courts were "empowered…to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* at 284.

The November 1, 2023 amendments changed the beginning of the Policy Statement to read: "Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment" for specified reasons. U.S.S.G. § 1B1.13 (2023) (emphasis added). Thus, the amended Policy Statement is now expressly applicable to defendant-filed motions, like Mr. Holbrook's.

a.  **Extraordinary and Compelling Circumstances**

To meet the first element for consideration under the First Step Act, then, Mr. Holbrook needs to demonstrate extraordinary and compelling circumstances justifying consideration of compassionate release. He argues for relief under two different paragraphs of the Amended Policy Statement: Paragraph 1, which discusses a defendant's medical condition, and Paragraph 5, which is a more general provision.

Paragraph 1 specifies that a defendant's medical condition may constitute an extraordinary and compelling circumstance. Mr. Holbrook argues that he has had a number of acute and chronic

3

medical conditions, including an embolic stroke in May of 2024. A review of Mr. Holbrook's updated medical records, however, does not show that his conditions are terminal, that the conditions substantially diminish the ability of Mr. Holbrook to provide self-care within the correctional facility, that he requires long-term or specialized medical care that is not being provided, or that he is at risk from an outbreak of infectious disease. ECF 191. To the contrary, the records reflect that Mr. Holbrook is generally doing well and that his health concerns are being adequately managed. *Id.*

Mr. Holbrook also argues for relief under paragraph 5, which allows a defendant to demonstrate "extraordinary and compelling" circumstances where he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Paragraphs 1 through 4 discuss terminal medical conditions or medical conditions permanently impacting a defendant's capacity for self-care, his age (if over 65), family circumstances where a defendant is the sole caregiver for a family member, and whether a defendant suffered abuse while incarcerated.

Here, Mr. Holbrook has not cited any circumstance or combination of circumstances that are similar in gravity to those described in paragraphs 1 through 4. Mr. Holbrook is 43, but he was in his late thirties when he committed the offense of conviction, so his age does not contribute to a compelling reason for release. His medical conditions, as discussed above, are not of a severity warranting consideration for early release. He rightfully points to his efforts at rehabilitation. Mr. Holbrook has just one sustained disciplinary infraction, in 2023, for a relatively minor offense. ECF 185-5. He has a job with UNICOR and has received above-average evaluations, including awards. The BOP has deemed his risk of recidivism to be low. And he has participated in a number

of educational and self-improvement programs while incarcerated. He also has a support system awaiting him upon release. This Court commends Mr. Holbrook on the positive changes he is making.

However, Congress has specified that rehabilitation alone cannot be considered an extraordinary and compelling reason for release, 28 U.S.C. § 994(t), although it may be considered as one factor among several considered under § 3582(c)(1)(A). Ultimately, this Court has thoroughly considered Mr. Holbrook's arguments about his medical conditions and his rehabilitation and has determined that they are not, either individually or collectively, the extraordinary and compelling circumstances required for relief under § 3582(c)(1)(A). Accordingly, Mr. Holbrook is presently ineligible for further consideration of compassionate release.

    b. **§ 3553(a) Factors**

Even had Mr. Holbrook established an extraordinary and compelling reason entitling him to further consideration, 18 U.S.C. § 3553(a) prescribes the factors the Court must assess in determining whether it should reduce a defendant's sentence. *See United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019); *United States v. Logan*, Crim. No. CCB-10-0203, 2019 WL 3391618 *1 (D. Md. July 26, 2019). Those factors include (1) "the nature and circumstances of the offense;" (2) "the history and characteristics of the defendant;" (3) "the need to protect the public from further crimes of the defendant;" (4) "the need for just punishment," and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).

The nature and circumstances of this offense are incredibly serious, as the distribution of controlled dangerous substances poses a grave danger to the community. Mr. Holbrook has a

history of drug trafficking offenses and this is his second federal conviction. There is a need to protect the public from further drug trafficking crimes of Mr. Holbrook, given his history, and a need to impose just punishment these offenses.

In total, at present, the § 3553(a) factors weigh against reducing Mr. Holbrook's sentence, even assuming that he had been able to demonstrate the extraordinary and compelling reason needed to trigger such an analysis. This Court is unable to conclude that a shorter sentence would satisfy the § 3553(a) factors, and concludes that the original sentence is sufficient but not greater than necessary to achieve the purposes of the sentencing statute.

### III. Conclusion

In conclusion, after considering all of the relevant factors, this Court concludes that Mr. Holbrook has not established an extraordinary and compelling reason to justify a reduction in the sentence he has not yet begun to serve, and that, even if he had, at this point his current sentence is the most appropriate to accomplish the objectives described in 18 U.S.C. § 3553(a). Accordingly, Mr. Holbrook's Motion for Compassionate Release, ECF 175, is DENIED.

A separate Order will issue.

DATED: August 1, 2025                        /s/
                                            Stephanie A. Gallagher
                                            United States District Judge

6